UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PHILLIP MARTINEZ,

        Plaintiff(s),

v.

ALBERTSON'S, LLC, et al.,

        Defendant(s).

Case No. 2:18-CV-2319 JCM (GWF)

ORDER

Presently before the court is plaintiff Phillip Martinez's motion to remand. (ECF No. 9). Defendant Albertson's, LLC ("Albertson's") filed a response (ECF No. 19), to which Martinez replied (ECF No. 24).

Also before the court Albertson's motion to sever. (ECF No. 20). Martinez filed a response (ECF No. 25), to which Albertson's replied (ECF No. 27).

Also before the court is the parties' stipulation to extend the deadline for Albertson's to file a reply in support of its motions to sever. (ECF No. 26).

**I.    Facts**

This action involves Martinez's termination of employment. (ECF No. 1-4). The amended complaint contains the following allegations:

On April 27, 2018, while Defendant was working as a grocery manager at an Albertson's grocery store, defendant Shawanda Robinson became violent within the store. (ECF No. 9-3). Robinson threatened store patrons and Albertson's employees, including Martinez, by swinging a 7" by 11" plastic sign frame. *Id*. Martinez used reasonable force to restrain Robinson until law enforcement officers could arrive. *Id*. Thereafter, Albertson's allegedly terminated Martinez for his use of reasonable force. *Id*.

On October 31, 2018, Martinez initiated this action in Nevada state court. (ECF No. 1-4). On November 16, 2018, Martinez filed an amended complaint asserting two causes of action: (1) tortious discharge against Albertson's and (2) assault against Robinson. (ECF No. 9-3). The amended complaint also identified Martinez and Robinson as Nevada residents.

On November 5, 2018, Albertson's removed this case to federal court. (ECF No. 1). Now, Martinez moves to remand this case back to state court. (ECF No. 9).

**II. Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III. Discussion**

As a preliminary matter, the court will grant the parties' stipulation to extend the filing deadline for Albertson's reply in support of its motion to sever. The court will accordingly treat Albertson's reply (ECF No. 27) as having been timely filed. Next, the court considers Martinez's motion to remand (ECF No. 9) and Albertson's motion to sever (ECF No. 20) simultaneously, as they both address a common issue in this litigation.

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction also requires complete diversity—that each plaintiff in a case be a citizen of a different state than each defendant. *Matao Yokeno v Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

Albertson's admits that Martinez and Robinson are both Nevada residents, but argues that Martinez improperly joined Robinson in this action. (ECF No. 19). Under the Federal Rules of Civil Procedure, a plaintiff may join multiple defendants under Rules 19 and 20. The court hereby addresses each in turn.

*a. Necessary Joiner*

Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

The court can accord Martinez complete relief for his first cause of action without Robinson's presence in this litigation because Albertson's is solely and entirely responsible for terminating Martinez. *See* (ECF No. 9-3). Moreover, Robinson does not have any apparent interest in Martinez's tortious discharge claim. *See id*. Therefore, Robinson is not a necessary party in this litigation.

    *b. Permissive joinder*

    Federal Rule of Civil Procedure 20 allows the permissive joinder of multiple defendants in a single lawsuit when (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties arises in the action. Fed. R. Civ. P. 20(a)(2). The rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

    Martinez's assault claim arises from Robinson's threatening conduct whereas Martinez's tortious discharge claim arises from Albertson's decision to terminate Martinez *after* the April 27, 2018, incident. *See* (ECF No. 9-3). Thus, because Martinez's claims do not arise from the same transaction or occurrence, Martinez cannot join Robinson as a defendant pursuant to Rule 20. *See Phillips v. Shaw Constructors, Inc.*, No. 0:12-00532-CMC-SVH, 2013 WL 3776509 at *2 (D.S.C. July 17, 2013) (holding that the mere fact that multiple claims arose during plaintiff's employment is insufficient establish that the claim arose from the same transaction or occurrence).

    *c. Sever*

    Martinez has not properly joined Robinson as a defendant in this litigation. Therefore, in furtherance of fairness and judicial economy, the court will sever the case and remand Martinez's assault claim back to state court for lack of diversity jurisdiction under 28 U.S.C. § 1332.

**IV.    Conclusion**

    Accordingly,

    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the parties' stipulation (ECF No. 26) be, and the same hereby is, GRANTED.

    IT IS FURTHER ORDERED that Albertson's motion to sever (ECF No. 20) be, and the same hereby is, GRANTED.

James C. Mahan
U.S. District Judge

1    IT IS FURTHER ORDERED that Martinez's motion to remand (ECF No. 9) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that the clerk shall docket Martinez's tortious discharge claim as a new civil matter.

IT IS FURTHER ORDERED that Albertson's motion to dismiss (ECF No. 6) be, and the same hereby is, DENIED without prejudice subject to Albertson's ability to refile its motion after the court severs Martinez's case. After Albertson's refiles its motion, the parties shall file responsive briefs in compliance with the ordinary briefing schedule under the local rules.

IT IS FURTHER ORDERD that the matter of *Martinez v. Albertson's LLC*, case number 2:18-cv-02319-JCM-PAL, be, and the same hereby is, REMANDED.

The clerk shall close the case accordingly.

DATED March 15, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -